1 | **MICHELLE BETANCOURT**
California Bar No. 215035
2 | **HANNI M. FAKHOURY**
California Bar No. 252629
3 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
4 | San Diego, California 92101-5008
Telephone: (619) 234-8467
5 | Hanni_Fakhoury@fd.org

6 | Attorneys for Mr. Snow

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| UNITED STATES OF AMERICA, | ) CASE NO.: 09CR2195-JLS |
|---|---|
| Plaintiff, | ) |
| v. | ) SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO SUPPRESS |
| **BRENT SNOW, ET AL.,** | ) |
| Defendant. | ) |

**I.**

**STATEMENT OF FACTS**

Mr. Snow hereby incorporates by reference the statement of facts set forth in previous motions filed in this case.

**II.**

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   The Stop and Subsequent Warrantless Search of the Truck Violated the Fourth Amendment.**

In his motion to dismiss, Mr. Snow argued that the stop and search of the truck were improper under the Fourth Amendment. The officers had no reasonable articulable suspicion that criminal activity was occurring when they stopped the truck co-defendant Mr. Villareal was driving - and in which Mr. Snow was a passenger immediately prior to the stop. At the time the truck was stopped, there was no indication of any criminal activity occurring. Although marijuana had been found in the boat the truck was hauling

approximately two weeks earlier, there was nothing to suggest that a shipment of marijuana would be concealed within the boat on May 9, 2009. Furthermore, the agents conducting surveillance on the truck witnessed absolutely no criminal activity or illegal conduct when they stopped the truck. Therefore, the stop of the truck violated the Fourth Amendment. See United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir. 1992), amended 997 F.2d 1306 (9th Cir. 1993) (officer may not detain a motorist without a showing of a "particularized and objective basis for suspecting the particular person stopped of criminal activity" (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)). Although Mr. Snow was not in the truck at the time the agents stopped it, he had been a passenger in the truck immediately before the stop of Mr. Villareal. Therefore, even though only a passenger, Mr. Snow does have standing to challenge "the legality of his own detention." United States v. Pulliam, 405 F.3d 782, 787 (9th Cir. 2005) (quoting United States v. Nava-Ramirez, 269 F.3d 1128, 1132 (10th Cir. 2001).

The "fruit" of this illegal stop of the truck was that the agents were able to board and search the boat being hauled by the truck, as well as the cab of the truck. These searches were improper as the fruit of an illegal stop. Wong Sun v. United States, 371 U.S. 471, 488 (1963). Nor can the search of the truck be justified as a search incident to arrest given the Supreme Court's recent decision in Arizona v. Gant, 129 S.Ct. 1710 (2009) which only permits such searches if "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Gant, 129 S.Ct. at 1723. At the time the truck was being searched, Mr. Villareal was not inside the passenger compartment and was not withing reaching distance of the passenger compartment. Therefore, the agents could not rely on "search incident to arrest" exception to the warrant requirement and accordingly the search of the truck was invalid as the "fruit" of the unlawful traffic stop.

Mr. Snow accordingly requests this Court suppress any and all evidence found in both the truck and the boat that the government intends to introduce as evidence at trial, including, but not limited to the marijuana found concealed in the boat.

**B.      The Two Warrantless Searches of the Boat Violated the Fourth Amendment.**

The boat involved in this case has been searched by the agents without a warrant twice: on April 27, 2009 and May 9, 2009.

//

### 1. April 27, 2009

The search of the boat on April 27, 2009 was based on the consent of a government informant who the government alleges had a possessory interest in the boat and gave the agents consent to search the boat. The burden is on the government to demonstrate that a individual consenting to a search has "common authority" over the item searched. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990) (citations omitted). Here, the government has presented no evidence at all that the confidential informant had a possessory interest or "common authority" over the boat to permit its warrantless search.

Mr. Snow therefore specifically requests any and all discovery on the confidential informant and requests this Court hold the government to its burden at the evidentiary hearing of showing that the agents had direct knowledge that the confidential informant had "common authority" over the boat to consent to its search. If the government cannot meet this burden, the evidence seized as a result of that search - the 5 kilogram brick of marijuana - as well as any and all investigative leads as a result of that search, including but not limited to the results of the tracking device placed on the boat, must be suppressed.

### 2. May 9, 2009

The fruits of the warrantless search of the boat - including, but not limited to the marijuana found on board - on May 9, 2009 must be suppressed because as argued above, the boat was only searched as a result of the illegal stop on the truck. Furthermore, as Mr. Snow argued in his original motions, the officers did not have probable cause to believe there would be marijuana or any other contraband inside of the boat to permit them to search it without a warrant pursuant to the "automobile exception" to the Fourth Amendment. See United States v. Ross, 456 U.S. 798, 825 (1982); Carroll v. United States, 267 U.S. 132, 153 (1925) (covering searches of "a ship, motor boat, wagon or automobile"); United States v. Kaiyo Maru No. 53, 699 F.2d 989, 998 (9th Cir. 1983) ("The Carroll exception extends to vessels as well as automobiles and other movable vehicles. . .").

Assuming the government argues that the search of the boat was permissible under the "border search doctrine," the search is still improper because the agents could not be "reasonably certain" when the boat and its contraband contents crossed the border. United States v. Bennett, 363 F.3d 947, 950 (9th Cir. 2004) (citing United States v. Dobson, 781 F.2d 1374, 1376 (9th Cir.1986). The Ninth Circuit has explained that the "'reasonably certain' standard is higher than a probable cause standard." Bennett, 363 F.3d at 950 (citing

United States v. Kessler, 497 F.2d 277, 279 (9th Cir.1974)). Without the aid of the search incident to arrest, automobile and border search exceptions to the Fourth Amendment, the search of the boat was unreasonable and violated the Fourth Amendment. Therefore any fruits as a result of the search of the boat - including the marijuana, any items found in the boat the government intends to use at trial, and as argued below, the arrest of Mr. Snow - must be suppressed.

**C.    The Warrantless Arrest of Mr. Snow and Search of His Hotel Room Was Unreasonable.**

Compounding one constitutional violation after another, a fruit of the unlawful search of the boat - itself being the fruit of the unlawful stop of the truck - was the warrantless arrest of Mr. Snow and the search of his hotel room and personal belongings.

A warrantless arrest is only reasonable if the officers have "probable cause" the person being arrested committed a crime. Michigan v. Summers, 452 U.S. 692, 700 (1981). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). "Mere suspicion" or even a "strong reason to suspect" are not enough to support a warrantless arrest. Ramirez v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir. 2009) (citing Henry v. United States, 361 U.S. 98, 101 (1959)).

The officers did not have probable cause to arrest Mr. Snow because they had no evidence whatsoever that he knew of the drugs concealed in the boat or was involved in a conspiracy to smuggle drugs across the border. Without probable cause, the warrantless arrest of Mr. Snow was unlawful and any fruits of that arrest must be suppressed - including any items seized from Mr. Snow or seized as a result of the attendant search of the hotel room and his personal belongings.

//
//
//
//
//
//

## III.

## CONCLUSION

For these reasons, as well as those stated in his original motion to suppress, Mr. Snow respectfully requests that this Court grant the motions to suppress.

                                                    Respectfully submitted,

Dated: August 23, 2009                          */s/ Hanni M. Fakhoury*
                                                          **HANNI M. FAKHOURY**
                                                          Federal Defenders of San Diego, Inc.
                                                          Attorneys for Mr. Snow

# CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**THOMAS SNYDER**
Assistant United States Attorney
880 Front Street
Room 6293
San Diego, CA 92101
(619) 557-7171
Fax: (619) 557-3445
Email: Thomas.Snyder@usdoj.gov

**ROBERT E. BOYCE**
Boyce and Shaffer
934 23rd Street
San Diego , CA 92102
(619)232-3320
Fax: (619)232-8271
Email: reboyce@pacbell.net

Respectfully submitted,

Dated: August 25, 2009  /s/ *Hanni M. Fakhoury*
**HANNI M. FAKHOURY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Snow